IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MALCOLM CORNELIUS MACK                                                                PLAINTIFF

v.                          Civil No. 4:24-cv-04002-SOH-BAB

CORRECTIONAL OFFICER STUDDARD;
SHERIFF WAYNE EASLEY; WARDEN
JEFFIE WALKER; LEAD NURSE KING;
NURSE LISA; NURSE LESLIE; JOHN DOE
MEMBER OF DISCIPLINARY COMMITTEE;
CAPTIAN ADAMS; and LT. GUNTHRIE                                                     DEFENDANTS

**ORDER**

Plaintiff, Malcolm Cornelius Mack, originally filed this 42 U.S.C. § 1983 action *pro se* on January 10, 2024. (ECF No. 1). Plaintiff was granted Leave to Proceed *in forma pauperis* on the same day. (ECF No. 3). Plaintiff filed an Amended Complaint on January 29, 2024, and the Court ordered service on Defendants. (ECF Nos. 7, 8, 16, 22). The Plaintiff was then granted leave to file a Supplement to his Amended Complaint. (ECF No. 25-26). Currently before the Court is Plaintiff's second Motion to Compel Discovery. (ECF No. 51). Separate Defendants responded. (ECF Nos. 53, 55). The Court finds the matter is ripe for consideration.

I.    BACKGROUND

The Court granted Plaintiff's first Motion to Compel on February 13, 2025. (ECF No. 46). In this Order, Defendants were directed to respond to the discovery requests listed in Plaintiff's first Motion to Compel by March 13, 2025. *Id.*

1

In the instant Motion to Compel, Plaintiff requests the Court: (1) compel Defendants to provide "complete discovery response under Rule 37(a);" (2) "deem Plaintiff's Requests for Admissions Admitted under Rule 36(A)(6) due to Defendants evasive and improper responses;" (3) "impose Sanctions and consider default judgment under Rule 37(B)(2) for Defendants continued obstruction;" (4) "Recognize Plaintiff's claim under the Civil Rights Act of 1991, the Civil Rights Act of 1964, and the Prison Litigation Act (PLRA);" and (5) "Consider Plaintiff's Settlement demand of 10,000,000 in light of similar cases."  (ECF No. 51) (errors in original).

Plaintiff argues he submitted Interrogatories, Request for Production of Documents, and Requests for Admission to Defendants on January 28, 2025.  Plaintiff does not attach these requests to his Motion.  *Id.*  Plaintiff admits that Defendants responded to his Requests on March 13, 2025, but he argues the responses were "incomplete, evasive, or improper, Failing to comply with the Federal Rules of Civil Procedure.  *Id.* at 3 (errors in original).  Plaintiff does not list the specific responses he alleges are deficient.  He also does not attach Defendants' responses to his Motion.  *Id.*  Finally, Plaintiff asserts he attempted to call Defendants on March 18, 2025 and left a voicemail in an attempt to resolve this discovery dispute.  *Id.*  Plaintiff did not receive a callback.  *Id.*

Specifically, Plaintiff argues one of the Defendants' failures was refusing to identify the officers involved in his excessive force incidents despite prison records identifying them.  *Id.* at 4.  Plaintiff also claims Defendants failed to produce the following documents: (1) grievance reports related to excessive force and retaliation; and (2) his medical records.  *Id.*  Additionally, Plaintiff challenges Defendants claims of privilege as they did not produce a Privilege log listing the documents they refused to produce.  *Id.*  Finally, Plaintiff argues that Defendants "denied

2

facts that are clearly documented or provided evasive responses." *Id*. However, Plaintiff did not specify which responses he finds evasive.

Plaintiff then goes on to argue for sanctions. Plaintiff argues Rule 37(B) provides for sanctions and a default judgment against Defendants for their failure to comply with discovery requests. Plaintiff request the Court deem all facts established, prohibit Defendants from introducing evidence, strike Defendants' pleadings, and order monetary sanctions. *Id.* at 5.

Finally, Plaintiff argues for the Court to order Defendants to consider his settlement offer.[1] *Id.* at 7.

Throughout his Motion Plaintiff makes no distinction among the Separate Defendants. He simply makes allegations and requests against "defendants." *Id.*

Defendants Easley, Walker, Adams, and Guthrie (hereinafter "Miller County Defendants") responded on April 7, 2025. (ECF No. 53). In their Response, Miller County Defendants argue they have fully responded to Plaintiff's discovery requests on March 13, 2025 and attached such answers to their Response. *Id.*

Defendants King, Thomas, and Davidson (hereinafter "Medical Defendants") filed their Response on April 8, 2025. (ECF No. 55). In their Response, Medical Defendants argue they have fully responded to Plaintiff's discovery requests on February 24, 2025 and attached such answers to their Response. *Id.*

---

[1] Plaintiff also makes extensive arguments regarding the merits of his claims which the Court will not address on this Motion to Compel. There are pending Motions for Summary Judgment filed by both parties in which the merits of Plaintiff's claims are adequately argued. The Court will address such merit arguments in a separate Report and Recommendations on those Motions.

3

## II. APPLICABLE LAW

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>   i. The discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>  ii. The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> iii. The proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C). Further, under rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

The burden is generally on the party resisting discovery to show why discovery should be limited. *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). In carrying this burden, the objecting party cannot rely on mere statements and conclusions but must specifically show how the objected-to disclosures would be irrelevant or

overly burdensome, overly broad, or oppressive. *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases).

Under Rule 26(c)(1), a party "may move for a protective order in the court where the action is pending" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such an order may forbid the disclosure or discovery. *See,* Rule 26(c)(1)(A).

### III.   DISCUSSION

As an initial matter, the Court will not issue any order to Separate Defendants to "recognize" Plaintiff's settlement offer. Settlement negotiations occur between the parties without Court participation unless a judge is conducting a Settlement Conference.

As to the discovery which Plaintiff seeks compelled. Plaintiff seeks an Order compelling Separate Defendants to identify the officers involved in his excessive force incident. However, Plaintiff did not identify which discovery request he submitted to Defendants requesting this information. Miller County Defendants' attached Plaintiff's discovery requests to their Response, and after a review of these requests, the Court is able to determine Plaintiff did not make a discovery request for a list of officers involved in the complained of excessive force. (ECF No. 53-1).

Plaintiff also claims Defendants failed to produce the following documents: (1) grievance reports related to excessive force and retaliation; and (2) his medical records. (ECF No. 51). These documents were ordered to be disclosed in Initial Disclosures by the Court's Initial Scheduling Order on October 7, 2024. (ECF No. 35). Medical Defendants filed a Notice on November 7, 2024 stating they produced sixty-eight (68) pages to Plaintiff in response to the

Court's Order.  (ECF No. 37).  Miller County Defendants filed a Notice to the Court on the same day stating they also produced documents to Plaintiff in compliance with the Court's Order containing both grievances and medical files.  (ECF No. 39).  Separate Defendants need not produce documents twice to the Plaintiff.  The initial disclosure production is sufficient.

Plaintiff also challenges Separate Defendants claims of privilege as they did not produce a Privilege log listing the documents they refused to produce.  (ECF No. 51).  Again, Plaintiff failed to identify which documents he seeks that Defendants claimed were privileged.  Upon the Court's own review of Miller County Defendants answers to Plaintiff's discovery requests no objections were made or documents claimed as privileged.  (ECF No. 53-1).  While the Medical Defendants did object to some of Plaintiff's discovery requests, none of those objections were based on privilege, and Medical Defendants answered the requests despite their objections.  (ECF No. 55-1).

Lastly, Plaintiff argues that Defendants "denied facts that are clearly documented or provided evasive responses."  *Id*.  However, Plaintiff did not point to which responses he refers to here.  The Court has no direction as to which answer of the Separate Defendants Plaintiff is challenging, and it will not attempt to guess.

Based on the record before it, the Court cannot determine any of the Separate Defendants failed to adequately answer or respond to Plaintiff's discovery requests.  Accordingly, there is nothing to compel, and no sanctions are warranted here.  FED. R. CIV. P. 37.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion to Compel (ECF No. 51) is hereby **DENIED.**

**IT IS SO ORDERED** this 21st day of May 2025.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE