IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MALCOLM CORNELIUS MACK                                          PLAINTIFF

v.                              Case No. 4:24-cv-4002

CORRECTIONAL OFFICER STUDDARD;
SHERIFF WAYNE EASLEY;
WARDEN JEFFIE WALKER;
LEAD NURSE KING; NURSE LISA;
NURSE LESLIE; JOHN DOE MEMBERS
OF THE DISCIPLINARY COMMITTEE;
CAPTAIN ADAMS; and LT. GUTHRIE                                  DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 100. Judge Singleton recommends that Plaintiff's Motion for Summary Judgment (ECF No. 60) be denied.  Judge Singleton further recommends that certain claims be dismissed.[1]  Plaintiff has responded with objections.  ECF No. 103.  The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Plaintiff, representing himself in this matter, initiated this civil rights action pursuant to 42 U.S.C. § 1983.  At all times relevant to this lawsuit, Plaintiff was a pretrial detainee at the Miller County Detention Center ("MCDC").  Between his amended complaint (ECF No. 7) and supplement (ECF No. 26), Plaintiff brings five claims against Defendants:  (1) excessive force; (2) retaliation;   (3) deliberate indifference to his serious medical needs; (4) Fourteenth Amendment violation of due process; and (5) cruel and unusual punishment based on conditions

---

[1]Judge Singleton recommends certain claims for dismissal after considering the summary judgment motion (ECF No. 56) filed by Separate Defendants' Sheriff Wayne Easley, Warden Jeffie Walker, Captain Adams, and Lieutenant Guthrie, which was incorporated into their response to Plaintiff's summary judgment motion.  ECF No. 70.

of confinement.[2]   Plaintiff is seeking compensatory and punitive damages.   Judge Singleton's

Report and Recommendation (ECF No. 100) extensively sets out the factual background giving

rise to Plaintiff's claims.   The Court will not repeat those facts at length in this order.   Instead,

when necessary, the Court will discuss the facts briefly as they pertain to each claim.

Judge Singleton recommends that Plaintiff's summary judgment motion (ECF No. 60) be

denied.   Judge Singleton, noting that all parties have filed summary judgment motions in this

case, also recommends that some claims be dismissed.[3]   Plaintiff objects.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to

submit to the Court proposed findings of fact and recommendations for disposition.   28 U.S.C. §

636(b)(1).   Within fourteen days of receipt of a magistrate judge's report and recommendation,

"a party may serve and file specific written objections to the proposed findings and

recommendations."   Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).   After conducting

an appropriate review of the report and recommendation, the Court may then "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge . . .

or recommit the matter to the magistrate judge with instructions."   28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a

party has objected to portions of the report and recommendation."   *Anderson v. Evangelical*

*Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).   Generally,

"objections must be timely and specific" to trigger *de novo* review.   *Thompson v. Nix*, 897 F.2d

---

[2]In his amended complaint (ECF No. 7) and supplement (ECF No. 26), Plaintiff lists Claims One, Two, Three, Five, and Six and does not include a named Claim Four.   The Report and Recommendation refers to the same claim numbers as Plaintiff has listed them.   Thus, the Court will do the same in this Order.

[3]Judge Singleton explains that all parties in this action have filed summary judgment motions.   ECF Nos. 56, 60, 63. Separate Defendants Sheriff Wayne Easley, Warden Jeffie Walker, Captain Adams, and Lieutenant Guthrie incorporate their summary judgment motion (ECF No. 56) and supporting documents in their response to Plaintiff's summary judgment motion.   ECF No. 70, ¶ 6.   After reviewing all the parties' summary judgment motions, Judge Singleton determined that addressing Plaintiff's motion first was the most efficient plan of action.

356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III. DISCUSSION

The Court will begin by addressing Plaintiff's general and non-specific objections, which the Court will review for clear error. The Court will then take up Plaintiff's specific objections to certain claims, which the Court will review *de novo*. The Court will address the claims in the order of Plaintiff's objections.

#### A. Plaintiff's General Objections

Plaintiff generally argues that Judge Singleton improperly "resolved disputed issues of material fact, . . . weighed credibility, . . . overlooked material evidence in the record, . . . [and] misapplied controlling constitutional standards governing summary judgment." ECF No. 103, p. 1. Plaintiff further states that a reasonable jury could find in Plaintiff's favor on all claims. ECF No. 103, p. 1.

"[G]eneral and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations" do not trigger *de novo* review. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *Meyer v. Haeg*, No. 15-cv-2564 (SRN/HB), 2016 WL 6916797, at *2 (D. Minn. Nov. 21, 2016). In the absence of any specifically challenged claims, the Court sees no clear error in Judge Singleton's application of the summary judgment standard to Plaintiff's claims. Accordingly, Plaintiff's general objections based on any misapplication of the summary judgment standard are overruled.

#### A. Claim One

Plaintiff's objections specifically reference Claim One, in which Plaintiff alleges that on

December 4, 2023, Separate Defendant Correctional Officer Studdard used excessive force against Plaintiff in violation of his Fourteenth Amendment rights. Officer Studdard, however, was never served with the summons and complaint in this matter despite multiple attempts by the United States Marshals Service. All addresses provided by Plaintiff, other Defendants in this case, and even Officer Studdard himself were proven incorrect.

Plaintiff was warned that Officer Studdard would be dismissed from this case if Plaintiff could not provide an accurate address for service, and more than ninety (90) days have elapsed since Plaintiff filed his amended complaint. Thus, Judge Singleton recommends that all claims against Officer Studdard be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff objects to the dismissal of all claims against Officer Studdard, arguing that Plaintiff presented evidence that Officer Studdard used excessive force against him. Plaintiff, however, does not address the issue of service.

Because Officer Studdard was never served with the summons and complaint, the claims against him must be dismissed without prejudice under Rule 4(m). Accordingly, after *de novo* review of Claim One, the Court overrules Plaintiff's objections and finds that Judge Singleton correctly determined that Officer Studdard must be dismissed from this case.

**B. Claim Six**

Plaintiff's objections specifically reference Claim Six, in which Plaintiff alleges that certain conditions of his confinement violated the Fourteenth Amendment. ECF No. 26, p. 1. Plaintiff states that he had to wear clothes that were infrequently washed, that his room contained insects, including deadly spiders, and that he was told he was not allowed to clean his room. He states specifically that Separate Defendant Captain Adams denied him the usage of hair clippers several times. As Defendants for Claim Six, Plaintiff listed Separate Defendants Sheriff Wayne Easley; Warden Jeffie Walker, and Captain Adams.

Judge Singleton recommends that Claim Six be dismissed as to Sheriff Easley and Warden Walker because they had no personal involvement or responsibility for the complained of conditions of confinement. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Plaintiff does not specifically address the issue of supervisory liability in his objections. Thus, the Court reviews this claim for clear error.

After review, the Court finds no clear error in Judge Singleton's recommendation that this claim be dismissed as to Sheriff Easley and Captain Adams. Sheriff Easley and Warden Walker are not liable for the complained of conditions simply because they are the Sheriff and Warden of the MCDC. The Court, therefore, overrules Plaintiff's objections as they relate to the conduct of these Defendants and adopts Judge Singleton's recommendation that Claim Six against Sheriff Easley and Warden Walker be dismissed with prejudice.

Judge Singleton further recommends that Claim Six against Captain Adams be dismissed. Plaintiff alleges that Captain Adams refused his requests for a haircut. Judge Singleton determined that this claim against Captain Adams should be dismissed because the refusal of a request for a haircut is not punitive in nature. Because Plaintiff is a pretrial detainee, to state a conditions of confinement claim upon which relief can be granted, he must state sufficient facts that the conditions he suffered were intended to be punitive. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023). The Court agrees with Judge Singleton that the record contains no evidence that would support any punitive intent being assigned to Captain Adams' denial of haircuts to Plaintiff.

In his objections, Plaintiff states that the Report and Recommendation "improperly

isolates individual[] conditions rather than assessing their cumulative effect." ECF No. 103, p. 4. However, the reason that the haircut is the only condition analyzed by Judge Singleton is because this is the only conduct Plaintiff linked to Captain Adams in his supplement. Plaintiff does not allege that Captain Adams is personally involved in the other conditions he lists as comprising his conditions of confinement claim.

Accordingly, after *de novo* review, the Court overrules Plaintiff's objections as they relate to the alleged conduct of Captain Adams and agrees with Judge Singleton that the conditions of confinement claim against Captain Adams should be dismissed.

### C.  Claim Three

Plaintiff alleges that Defendants Nurse King, Nurse Lisa, and Nurse Leslie violated his constitutional rights when they denied him medical care for his broken finger. ECF No. 7, p. 7. Judge Singelton recommends dismissal of this claim because Plaintiff was not denied medical care for his finger but simply disagrees with the medical treatment he was provided.

Plaintiff's objections do not reference a finger injury but instead focus on a knee injury. However, Judge Singleton found that any claim involving a knee injury was not properly before the Court, because Plaintiff brought up his knee injury for the first time in his summary judgment motion. ECF No. 100, p. 14, n. 8. The Court agrees that any claim involving Plaintiff's knee should not be considered. Plaintiff did not allege any facts regarding a knee injury in his amended complaint (ECF No. 7) or supplement. ECF No. 26. Parties may not assert new claims for the first time on summary judgment. *See Hildreth v. City of Des Moines*, 773 Fed. App'x 334, 335 (8th Cir. 2019). Accordingly, the Court overrules Plaintiff's objection as to this claim and adopts Judge Singleton's recommendation that this claim should be dismissed.

### D. Claim Two

In Claim Two, Plaintiff alleges that Defendants Sheriff Wayne Easley and Warden Jeffie

Walker violated his constitutional rights by retaliating against him by threatening him after he filed numerous grievances and complained about the conditions at MCDC. Judge Singleton found that Plaintiff failed to allege any personal involvement of Sheriff Easley in any alleged retaliatory conduct, and thus the claim against Sheriff Easly must fail as a matter of law. Judge Singleton further found that a genuine issue of material fact exists as to whether Warden Walker threatened to file criminal charges against Plaintiff in retaliation for filing grievances.

Plaintiff states in his objections that his retaliation claim should proceed against all Defendants and not just against Warden Walker. However, the alleged retaliatory conduct only involves Warden Walker, and Plaintiff has not alleged any facts that would support a claim that any other Defendant engaged in retaliatory conduct. Further, Plaintiff's objection to this claim does not specify any alleged retaliatory conduct by any other Defendant that Judge Singleton overlooked in the Report and Recommendation. Accordingly, the Court overrules Plaintiff's objection as it relates to Claim Two and adopts Judge Singleton's recommendation that this claim should proceed against Warden Walker only.

### E. Claim Five

In Claim Five, Plaintiff alleges that Defendants Captain Adams and Lieutenant Guthrie violated his Fifth Amendment due process rights by prolonging his disciplinary sanction of segregation for twenty-five (25) days without a hearing. Judge Singleton found that a genuine issue of material facts exists as to whether Plaintiff was entitled to a due process hearing before being placed in segregation. The question being whether Plaintiff's placement in segregation was for punitive or non-punitive purposes.

Plaintiff's objection as to this claim asserts that Judge Singleton "improperly limits liability" to Adams and Guthrie "despite evidence that other officials participated in or knowingly acquiesced in the deprivation." ECF No. 103, p. 5. However, Plaintiff does not

identify any other Defendant that was personally involved in denying him a due process hearing. Plaintiff simply states that there were other Defendants involved but does not identify any conduct by any other Defendant that Judge Singleton overlooked in his analysis of this claim.

Accordingly, after *de novo* review, the Court overrules Plaintiff's objection as to this claim and finds that Judge Singleton correctly recommends that the due process claim proceed only against Captain Adams and Lieutenant Guthrie.

### F. Mootness Objection

In the Report and Recommendation, Judge Singleton recommends that the denial of medical care claim against Separate Defendants Lead Nurse King, Nurse Lisa, and Nurse Leslie ("Medical Defendants") be dismissed. Because he recommends dismissal of this claim, which is the only claim against the Medical Defendants, Judge Singleton finds that the Medical Defendants' Motion for Summary Judgment (ECF No. 63) be denied as moot. Plaintiff appears to object to this finding of mootness, stating that "[c]laims for compensatory and punitive damages for completed constitutional violations are not rendered moot by subsequent events." ECF No. 103, p. 5.

By adopting the Report and Recommendation, the Court is not rendering any of Plaintiff's claims moot. The Court is simply finding that because the only claim against the Medical Defendants is being considered and dismissed in this Order, there is no need to consider their summary judgment motion (ECF No. 63) asking the Court to dismiss this claim. The Court is finding only that the Medical Defendants' summary judgment motion is moot.

Accordingly, the Court finds that Plaintiff's objection related to the mootness of the Medical Defendants' summary judgment motion (ECF No. 63) is overruled, and the Court agrees with Judge Singleton that this motion should be denied as moot.

8

### IV. CONCLUSION

Upon review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Singleton's Report and Recommendation.  Therefore, the Court overrules Plaintiff's objections (ECF No. 103) and adopts the Report and Recommendation (ECF No. 100) *in toto*.  ECF No. 24.  Plaintiff's Motion for Summary Judgment (ECF No. 60) is **DENIED**.

Further, the following claims are **DISMISSED**:

- Claim One for excessive force against Officer Studdard, in his individual and official capacities is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m), because Officer Studdard has not been served with the summons and complaint.

- Claim Two for retaliation against Warden Jeffie Walker in her official capacity and against Sheriff Wayne Easley in his individual and official capacities is **DISMISSED WITH PREJUDICE**.

- All other miscellaneous claims in Claim Two against Warden Walker and Sheriff Wayne Easley in their individual and official capacities are **DISMISSED WITH PREJUDICE**.

- Claim Three for denial of medical care against Lead Nurse King, Nurse Leslie, and Nurse Lisa in their individual and official capacities is **DISMISSED WITH PREJUDICE**.

- Claim Five for violation of due process against Captain Adams and Lieutenant Guthrie in their official capacities is **DISMISSED WITH PREJUDICE**.

- Claim Six for unconstitutional conditions of confinement against Warden Jeffie Walker, Sheriff Wayne Easley, and Captain Adams in their individual and official

capacities is **DISMISSED WITH PREJUDICE**.

The only remaining Defendants in this lawsuit are Warden Jeffie Walker, Captain Adams, and Lieutenant Guthrie in their individual capacities only. No official capacity claims remain in this lawsuit. The following claims survive summary judgment and will proceed for further litigation: (1) Claim Two against Warden Jeffie Walker; and (2) Claim Five against Captain Adams and Lieutenant Guthrie for violation of Plaintiff's due process rights related to his placement in segregation without a hearing.

Defendants John Doe Members of the Disciplinary Committee should be **TERMINATED** as Defendants in this lawsuit, because Defendant has stated that there are no unnamed Defendants in this matter. ECF No. 58, pp. 4-5, 71, 100.

Because all claims against Lead Nurse King, Nurse Leslie, and Nurse Lisa are being dismissed, their Motion for Summary Judgment (ECF No. 63) is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 20th day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

10